**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **DAVID REDMOND, SR., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **Cause No. 1:10-cv-56-WTL-TAB** |
| ) | |
| **STATE OF INDIANA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ENTRY ON MOTION TO REMAND

Before the Court is the Plaintiffs' Motion to Remand (Docket No. 10). This motion is fully briefed, and the Court, being duly advised, now **DENIES** the motion for the reasons set forth below.

The Plaintiffs are all firefighters from various counties in Indiana. In June 2008, as a result of massive flooding, the President of the United States declared a state of emergency in Johnson County, Indiana. Governor Daniels also declared a state of emergency in Johnson County. During the emergency response, the Plaintiffs performed various services for the Defendants. The Plaintiffs have not yet received compensation for their work. Accordingly, in September 2009, the Plaintiffs filed suit in Marion County Superior Court. Johnson County interpled the Federal Emergency Management Agency ("FEMA") in December 2009. In January 2010, citing 28 U.S.C. §§ 1441, 1442(a)(1), and 1446, FEMA removed this case to federal court. The Plaintiffs have now moved to remand pursuant to 28 U.S.C. § 1447(c).

The Plaintiffs' sole argument in favor of remand is that removal was inappropriate because under § 1441(c), a third-party defendant may not remove a case. Unfortunately, the Plaintiffs' argument ignores the fact that FEMA relied on § 1442(a)(1), in addition to §§ 1441

and 1446 when removing the case.

Section 1442(a)(1) provides:

A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the Untied States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Courts interpreting this provision have consistently found that it is irrelevant that the removing party is a third-party defendant. *See, e.g.*, *Johnson v. Showers*, 747 F.2d 1228, 1229 (8th Cir. 1984); *IMFC Prof'l Health Servs., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir. Unit B 1982); *Nat'l Ctr. for Hous. Mgmt. v. Hous. Auth. of City of Milwaukee*, 668 F. Supp. 1230, 1231 (E.D. Wis. 1987). Thus, despite the fact that FEMA is a third-party defendant, it properly removed this case under § 1442(a)(1) and remand is not appropriate. Accordingly, the Plaintiffs' Motion to Remand (Docket No. 10) is **DENIED**.

SO ORDERED: 08/13/2010

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Nicholas F. Baker
The Hasting Law Firm
nbaker@lawindianapolis.com

William W. Barrett
Williams Hewitt Barrett & Wilkowski LLP
wbarrett@wbwlawyers.com

2

Eric James Beaver
Indiana Office of the Attorney General
eric.beaver@atg.in.gov

Laura Lee Bowker
Office of the Indiana Attorney General
laura.bowker@atg.in.gov

Thomas Edward Hastings
The Hastings Law Firm
thastings@lawindianapolis.com

Steven Craig Jackson
Ferguson & Ferguson
scj@ferglaw.com

Daniel Joseph Layden
Williams Barrett & Wilkowski, LLP
dlayden@wbwlawyers.com

Debra G. Richards
United States Attorney's Office
debra.richards@usdoj.gov

Jack  Rogers
Rogers & Gesse
jrogers@rogersandgesselaw.com

Margaret A. Schutte
United States Attorney's Office
margaret.schutte@usdoj.gov

Libby Sue Valos Moss
Kightlinger & Gray
lmoss@k-glaw.com

Richard Alan Young
Kightlinger & Gray
ryoung@k-glaw.com